THE STATE v. A. R. DUNCAN,

AND.

W. A. HAMILTON v. THE STATE.

DEALING IN FUTURES. *Indictment for. Effect of license.* A licensed dealer in futures is not indictable, under the act of 1883, chapter 251, for dealing in futures during the continuance of his license, nor is any customer who deals with him, although such customer has no license.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. MATT. W. ALLEN, J.

ATTORNEY-GENERAL LEA for the State.

---

---

SPL. HILL and QUARLES, TURLEY & THOMA for Duncan.

COOPER, J., delivered the opinion of the court.

By the act of 1883, chapter 251, approved March 30, 1883, it was made a misdemeanor to buy or sell, or contract for the purchase or sale of bonds, stock, grain, cotton, or other ·produce, property, commodity, article or thing for future delivery, where either of the contracting parties, buyer or seller, is dealing simply for the margin, or on the prospective rise or fall in the price of the article or thing sold, and where either of said contracting parties has no intention or purpose of making actual delivery or receiving the property or thing in specie.    By the act of 1883, chapters 105 and 106, both approved on the said 30th of March, 1883, and again by the act of 1885, chapter 1, the dealing in futures was made a privilege, and each person, company, firm or corporation dealing therein was required to take out a license upon the payment of a specific tax.

In this state of the law, a presentment was found against A. R. Duncan as a dealer in futures, the presentment on its face showing that he had at the time of the alleged offense a license as a dealer in futures under the acts of 1883 and 1885.    At the same time another presentment was found against W. A. Hamilton as a dealer in futures by making purchases by and through the Merchants and Traders Produce Exchange, the said Exchange being regularly licensed as a dealer in futures.    The trial judge, upon motion,

quashed the presentment against Duncan, and the State appealed. The presentment against Hamilton was tried by the judge, without a jury, upon proof to the effect that the defendant had been an occasional customer of the Merchants and Traders Produce Exchange in the purchase of produce for future delivery, without any intention on his part of receiving the produce. It was admitted by the State that the Exchange had at the time of these transactions a license as a dealer in futures. The trial judge rendered judgment in favor of the State against Hamilton, from which he appealed in error.

The effect of the acts of 1883, taken together, is to make it a misdemeanor both in the buyer and seller to deal in futures without a license, and at the same time to legalize the dealing by the taking out of a license. The license is to be taken out by the person who expects to make it his business to deal in futures, not by the casual customer. The law is precisely the same as in the case of liquor dealers, or the dealers in stocks, or any other dealers whose business is made a privilege. Nobody has ever supposed that the purchaser of liquor from a liquor dealer, no matter how often he buys, is required to take out a license to protect himself from a criminal prosecution. The very fact that a business is licensed gives the dealer a right to seek custom, and third persons to become his customers. There is no reason for taking this particular business out of the general rule.

The judgment in the Duncan case must be affirmed, and the judgment against Hamilton reversed, and judgment rendered here in his favor.